UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Rational Intellectual Holdings Limited,<br><br>Plaintiff,<br><br>v.<br><br>Nickels and Dimes Incorporated,<br><br>Defendant. | Case No. 23-cv-02844 |

# **APPLICATION**

Rational Intellectual Holdings Limited ("RIHL" or "Plaintiff"), by and through undersigned counsel, commences this action in the Northern District of Illinois for the purpose of seeking issuance of a subpoena duces tecum on a third party. RIHL requests a subpoena to be issued for the production of documents and deposition testimony from Angelo J. Bufalino ("Bufalino"). In support of its request, RIHL states as follows:

1. Nickels and Dimes Incorporated ("NDI" or "Defendant") is the purported owner of the trademarks TILT and TILT STUDIO, including US Registration Nos. 4758443, 1349997, and 4082468 ("NDI's Registrations"). On September 16, 2021, NDI filed a cancellation proceeding in the United States Patent Trademark Office, Trademark Trial and Appeal Board ("TTAB"), Case No. 92078072, seeking cancellation of RIHL's U.S. Registration Nos. 5046370, 5046371, and 6043240 for its FULL TILT marks (the "FULL TILT Marks").

2. On December 2, 2021, RIHL filed its Answer and Counterclaims, seeking cancellation of NDI's Registrations.

3. On May 25, 2022, RIHL filed its First Amended Counterclaims, seeking cancellation of NDI's Registrations.

4. On November 9, 2022, NDI filed a Motion for Summary Judgment ("Motion") seeking judgment on RIHL's counterclaims.

5. Pursuant to the filing of NDI's Motion, the TTAB suspended the proceeding, pending disposition of the Motion.

6. On December 9, 2022, RIHL filed a Motion to Conduct Discovery and Extend Time to Respond to NDI's Motion pursuant to FRCP 56(d), in order to obtain information, documents, and testimony necessary to respond to the Motion.

7. On March 6, 2023, the TTAB granted RIHL's Motion to Compel, which included leave to propound discovery requests and take depositions ("Order"). Attached hereto as **Exhibit 1** is a true and correct copy of the Order.

8. Commensurate with leave granted by the Order, RIHL seeks the issuance of a subpoena to obtain documents and testimony of Angelo Bufalino ("Bufalino"), counsel of record at the United States Patent and Trademark Office for NDI and the person who signed the applications and declarations of use and renewal for NDI's Registrations.

9. Mr. Bufalino is believed to be in possession of documents and information necessary for RIHL to respond to the Motion.

10. Attached hereto as **Exhibit 2** is the proposed subpoena duces tecum to be issued by this Court to produce documents and deposition testimony by Mr. Bufalino.

WHEREFORE, RIHL respectfully requests that this Court issue subpoenas duces tecum for the production of documents and testimony of Angelo Bufalino.

Dated: May 5, 2023

        Respectfully submitted,

        ARENTFOX SCHIFF LLP

        *Attorneys for Plaintiff Rational Intellectual Holdings Limited*

        By:  /s/ Kylie S. Wood
               Kylie S. Wood
               ArentFox Schiff, LLP
               233 S Wacker Dr. #7100
               Chicago, IL 60606
               Tel: 312-258-5500
               Email: kylie.wood@afslaw.com

# EXHIBIT 1

> UNITED STATES PATENT AND TRADEMARK OFFICE
> **Trademark Trial and Appeal Board**
> **P.O. Box 1451**
> **Alexandria, VA 22313-1451**
> General Contact Number: 571-272-8500
> General Email: TTABInfo@uspto.gov

March 6, 2023

Cancellation No. 92078072

*Nickels and Dimes Incorporated*

*v.*

*Rational Intellectual Holdings Limited*

**Ann Linnehan, Interlocutory Attorney:**

On the December 9, 2022, proceedings herein were suspended for consideration of Petitioner's motion for summary judgment involving the dismissal of Respondent's counterclaims.

This case now comes up for consideration of Respondent's motion (filed December 9, 2022) to extend its time to respond to the motion for summary judgment pending completion of certain discovery needed to respond to Petitioner's motion pursuant to Fed. R. Civ. P. 56(d) or to defer consideration of the motion for summary judgment until the close of discovery as set forth in the Board's October 25, 2022 order.[1] The motion is fully briefed.

---

[1] 25 TTABVUE. In this order, the Board cites to the proceeding record by the TTABVUE docket entry number and TTABVUE page number, in accordance with the guidance provided in TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) §§ 106.03, 702.05 and 801.01 (2022). The Board expects that the parties will use this method of citing to the record throughout this proceeding.

Cancellation No. 92078072

Although the Board has not repeated the parties' complete arguments, it has carefully reviewed the parties' respective arguments in support of and against the pending motion.

A party which believes that it cannot effectively oppose a motion for summary judgment without first taking discovery, may file a request with the Board for time to take the needed discovery. The request must be supported by an affidavit or declaration showing that the nonmoving party cannot, for reasons stated, present facts essential to justify its opposition to the motion. *See* Fed. R. Civ. P. 56; *Opryland USA Inc. v. Great American Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992); and *Keebler Co. v. Murray Bakery Products*, 866 F.2d 1386, 9 USPQ2d 1736 (Fed. Cir. 1989). When a request for discovery under Fed. R. Civ. P. 56(d) is granted, the discovery allowed is limited to that which the nonmoving party must have in order to respond to the motion for summary judgment. See TBMP § 528.06.

In support of its motion, Respondent contends that in support of Petitioner's motion for summary judgment on Respondent's fraud and abandonment counterclaims, Petitioner alleges that it "has continuously used the TILT mark in connection [with] arcade services since 1972 and does not intend to transition the five existing TILT arcades to the TILT STUDIO format";[2] that in support of its motion Petitioner merely provides the self-interested declaration of Mr. Singer (that references documents and information that are not attached); and that Respondent "has not yet had the opportunity to test and compare [Petitioner's] assertions by

---

[2] *Id.* at 14.

2

examining documents and information produced during discovery."[3] Respondent further asserts that much of the needed information is within Petitioner's sole control or custody and that because discovery has not yet commenced it has not obtained relevant, necessary, and admissible information from Petitioner, other than the unverified, self-serving assertions in its motion for summary judgment, the supporting declaration, and unauthenticated third-party evidence of use from Petitioner's counsel.

In response, Petitioner asserts that "there is no additional information that Respondent will learn about [Petitioner's] continuous use of the TILT mark in connection with its arcades that does not already exist in this matter";[4] that "[a]nything Respondent would learn through discovery would be merely confirmatory and cumulative";[5] and that "Respondent failed to comply with the requirements of Rule 56(d)" and "[i]ts request for discovery should be denied and [Petitioner's] motion for summary judgment should proceed."[6]

In reply, Respondent argues that it has sufficiently set forth the areas of inquiry needed in accordance with Fed. R. Civ. P. 56(d) and that Petitioner's opposition "underscores" that Respondent needs discovery relating to its fraud claims abandonment claims.[7]

In this case, the Board finds that Respondent has adequately established by declaration of counsel that it cannot present its opposition to the motion for

---

[3] *Id.*
[4] 26 TTABVUE 12.
[5] *Id.*
[6] *Id.*
[7] 27 TTABVUE 5.

3

Cancellation No. 92078072

summary judgment without taking certain discovery. Specifically, Respondent has demonstrated its need to take discovery pertaining for the following issues:

a. Information, documents, and testimony relating to Petitioner's submissions to the USPTO, including the declaration it filed for Application No. 86235796, which matured into the '443 Registration, the Combined Declaration of Use for the Renewal of the '997 Registration, and the mental state of the declarant, Angelo Bufalino;

b. Information, documents, and testimony concerning Mr. Singer, the statements in his declaration, and the information that he possesses regarding "[t]he continuous use of the TILT and TILT STUDIO marks," "[t]he nature of [Petitioner's] services," "[t]he channels of trade and classes of consumers for the services offered under [Petitioner's] TILT and TILT STUDIO marks," and other information relevant to Respondent's counterclaims;

c. Information, documents, and testimony relating to Petitioner's alleged use or discontinuance of the TILT Mark in the United States, in connection with the Class 41 services of "providing amusement arcade game facility entertainment services" from 2010 to March 28, 2014, the date that Petitioner filed Application No. 86235796 for the TILT Mark, which matured into the '443 Registration;

d. Information, documents, and testimony relating to Petitioner's adoption and use of the TILT STUDIO Mark in the United States from 2010 to the present;

e. Information, documents, and testimony relating to Petitioner's alleged use of the TILT Mark in the United States, the duration of such use (if any), and the type of use (if any), including at the five TILT arcade locations described in the Motion and the Singer Declaration at Paragraphs 5-12: (1) Pearlridge Center (downtown location), 98-1005 Moanalua Road, Aiea, HI 96701; (2) Pearlridge Center (uptown location); (3) The Plaza at West Covina, 531 Plaza Drive, West Covina, CA 91790; (4) West Valley Mall, 3200 North Naglee Road, Tracy, CA 95304; and (5) Prince Kuhio Plaza, 111 East Puainako St, Hilo, HI 96720;

f. Information, documents, and testimony relating to Petitioner's introduction of the TILT STUDIO Mark and services, and its efforts to "diversify its amusement arcade game facility entertainment services" under the TILT Mark "with the introduction of TILT STUDIO" in 2010, as stated in Paragraph 4 of the Singer Declaration;

4

Cancellation No. 92078072

    g. Information, documents, and testimony relating to Petitioner's plans, if any, to "convert the format of the TILT arcades at the four malls identified in Paragraph 5 [of the Singer Declaration] to its TILT STUDIO format";

    h. Information, documents, and testimony concerning whether Petitioner knowingly coexisted with other third-party TILT marks at the time it applied for the '997, '443, or '468 Registrations;

    i. The "financial information" that Petitioner lists as one of the categories of documents and information within Petitioner's possession, custody, or control that it may use to support its claims or defenses.

Accordingly, Respondent's motion to extend its time to respond to the motion for summary judgment pending completion of certain discovery needed to respond to Petitioner's motion pursuant to Fed. R. Civ. P. 56(d) is granted. Respondent is allowed until **THIRTY DAYS** from the mailing date set forth in the caption of this order to serve discovery requests on Petitioner for the issues outlined above. Petitioner is allowed **THIRTY DAYS** after the date of service of these discovery requests to respond to the requests. Respondent is then allowed until **SIXTY DAYS** after receipt of the responses to file its response to Petitioner's motion for summary judgment.

    Proceedings remain otherwise suspended.

******

5

# EXHIBIT 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:

_____
*(Name of person to whom this subpoena is directed)*

❒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          *CLERK OF COURT*

                                  OR

_____                _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

The following definitions and instructions apply to Rational Intellectual Holdings Ltd.'s ("RIHL") Requests.

**DEFINITIONS**

1. Petitioner refers to Nickels and Dimes Incorporated, the Petitioner in the United States Patent and Trademark Office ("USPTO") before the Trademark Trial and Appeal Board captioned *Nickels and Dimes Incorporated v. Rational Intellectual Holdings Limited*, Cancellation No. 92078072 (the "TTAB Proceeding").

2. The "796 Application" refers to U.S. Trademark Application No. 86235796 for the TILT mark filed by Petitioner.

3. The "443 Registration" refers to U.S. Trademark Registration No. 4758443 for the TILT mark owned by Petitioner.

4. The "468 Registration" refers to U.S. Trademark Registration No. 4082468 for the mark TILT STUDIO owned by Petitioner.

5. The "997 Registration" refers to U.S. Trademark Registration No. 1349997 for the TILT mark owned by Petitioner.

6. "Document" shall have the full meaning ascribed to this term in Rule 34 of the Federal Rules of Civil Procedure, and shall include all tangible sources of information, including but not limited to: (a) the original and any non-identical copy (whether different from the original because of handwritten notes or underlining made thereon, attachments affixed thereto, or otherwise) or drafts thereof, of any handwritten, typewritten, printed, recorded, electronically stored or graphic matter, however produced or reproduced, including but not limited to charts, plans, drawings, art work, transparencies, sketches, blueprints, files, electronic mail, computer data

and/or tapes, reports, travel reports, expense reports, memoranda, notes, minutes, letters and other correspondence, testimony, summaries, abstracts, studies, surveys, graphs, statistics, tables, forms, work papers, logs, indexes, drafts, advertisements, and scripts; and (b) any mechanical, magnetic or electronic or other recordings of any voice, sound, image or data including but not limited to photographs, microfilms, video and audio tapes, film, sound recordings, CDs, record albums, and any other data compilation in Applicant's possession, custody or control wherever located.

7. The singular includes the plural number and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

8. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make these document requests inclusive rather than exclusive.

9. The term "TILT Mark" refers to the mark as shown in Petitioner's U.S. Trademark Registration Nos. 4758443 and 1349997 for the mark TILT.

10. The term "TILT STUDIO Mark" refers to the mark as shown in Petitioner's U.S. Trademark Registration No. 4082468 for the mark TILT STUDIO.

11. The phrase "United States" refers to the fifty states and the territories and possessions of the "United States."

**INSTRUCTIONS**

The following instructions apply in answering these Requests and other discovery requests:

1. The Requests are continuing in nature and, pursuant to Rule 26 of the Federal Rules of Civil Procedure, you have a duty to supplement your answers promptly upon obtaining or learning of further responsive information.

2. If you contend that any item of information requested by the Requests is privileged, in whole or in part, as a ground for its non-production or non-disclosure, for each alleged privileged item or document, provide all information required by Rule 26 of the Federal Rules of Civil Procedure, the Local Rules and relevant case law.

### REQUESTS

1. Documents relating to Petitioner's submissions to the USPTO for the '796 Application, including but not limited to information and documents relating to the declaration that Petitioner filed with the '796 Application on March 28, 2014.

2. Documents relating to your mental state at the time you signed the declaration filed with the '796 Application, including but not limited to information and documents relating to your knowledge of Petitioner's use of the TILT Mark.

3. Information and documents relating to Petitioner's submissions to the USPTO for the '997 Registration, including but not limited to information and documents relating to the Combined Declaration of Use for the Renewal of the '997 Registration filed on July 10, 2015.

4. Information and documents relating to your mental state at the time you signed the Combined Declaration of Use for the Renewal of the '997 Registration filed on July 10, 2015, including but not limited to information and documents relating to your knowledge of Petitioner's use of the TILT Mark.

5. Information and documents relating to Petitioner's alleged continuous use of the TILT Mark in the United States in connection with "providing amusement arcade game facility entertainment services" from 2010 to March 28, 2014 (the filing date of the '796 Application).

6. Information and documents relating to any cessation of Petitioner's use of the TILT Mark in the United States in connection with "providing amusement arcade game facility entertainment services" from 2010 to March 28, 2014.

7. Information and documents relating to Petitioner's introduction of the TILT STUDIO Mark and services in the United States from 2010 to the present date.

8. Information and documents relating to Petitioner's adoption and use of the TILT STUDIO Mark and services in the United States from 2010 to the present date.

9. Information and documents concerning your knowledge of whether Petitioner knowingly coexisted with other third-party TILT marks on the date that the application for the '443 Registration was filed.

10. Information and documents relating to Petitioner's alleged use of the TILT Mark at the location described as "Pearlridge Center (downtown location)," 98-1005 Moanalua Road, Aiea, HI 96701, including but not limited to documents and information relating to the duration and nature of such use.

11. Information and documents relating to Petitioner's alleged use of the TILT Mark at the location described as "Pearlridge Center (uptown location)," 98-1005 Moanalua Road, Aiea, HI 96701, including but not limited to documents and information relating to the duration and nature of such use.

12. Information and documents relating to Petitioner's alleged use of the TILT Mark at The Plaza at West Covina, 531 Plaza Drive, West Covina, CA 91790, including but not limited to documents and information relating to the duration and nature of such use.

13. Information and documents relating to Petitioner's alleged use of the TILT Mark at West Valley Mall, 3200 North Naglee Road, Tracy, CA 95304, including but not limited to documents and information relating to the duration and nature of such use.

14. Information and documents relating to Petitioner's alleged use of the TILT Mark at Prince Kuhio Plaza, 111 East Puainako St, Hilo, HI 96720, including but not limited to the duration and nature of such use.

15. Information and documents concerning your knowledge of whether Petitioner knowingly coexisted with other third-party TILT marks at the time of the application for the '997 Registration.

16. Information and documents concerning your knowledge of whether Petitioner knowingly coexisted with other third-party TILT marks at the time of the application for the '468 Registration.

17. Information and documents concerning your knowledge of whether Petitioner knowingly coexisted with other third-party TILT marks at the time of the application for the '443 Registration.

                                                                 Respectfully submitted,

Dated:   May 5, 2023                                  ARENTFOX SCHIFF LLP

                                                           *Attorneys for Plaintiff Rational Intellectual Holdings Limited*

                                       By:  /s/ Kylie S. Wood_____
                                                           Kylie S. Wood
                                                           ArentFox Schiff LLP
                                                           233 S. Wacker Drive, Stuie 7100
                                                           Chicago, IL 60606
                                                           Tel: 312-258-5500
                                                           kylie.wood@afslaw.com